IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRANK EMERY REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-098 |
| | ) | (Formerly CR 106-010) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.  BACKGROUND

### A.  Indictment

On January 11, 2006, a grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute heroin, in violation of 18 U.S.C. § 841(a)(1) (Count One), one count of use of a firearm during the commission of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count Two), and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). United States v. Reeves, CR 106-010, doc. no. 1 (S.D. Ga. Jan. 11, 2006) ("CR 106-

010"). Petitioner retained attorney Peter Johnson to represent him. (Id., doc. nos. 10, 11.)

### B. Jury Trial and Sentencing

After a trial on April 18, 2006, the jury found Petitioner guilty of one count of possession with intent to distribute heroin and one count of possession of a firearm and ammunition by a convicted felon, and acquitted him of using a firearm during the commission of drug trafficking. The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 34, Criminal History Category at VI, and an advisory Sentencing Guidelines range for imprisonment of 262 to 327 months due to the statutory minimum under the Armed Career Criminal Act ("ACCA") and U.S.S.G. § 4B1.4. (PSI ¶¶ 32, 42, 59, 60.) The PSI determined Petitioner had the requisite convictions under the ACCA because Petitioner was convicted of: (1) violating the Georgia Controlled Substances Act for selling marijuana on February 25, 1978, February 26, 1978, February 28, 1978, and for selling cocaine on March 1, 1978 (PSI ¶ 36); (2) trafficking 2.2 pounds of cocaine in 1989 (PSI ¶ 37); and (3) attempted false imprisonment (PSI ¶ 40). (See PSI ¶ 32.)

Petitioner objected to two sentencing enhancements in the PSI, U.S.S.G. §§ 2K2.1(b)(5) and 4B1.4, arguing Petitioner's sentencing range was illegally enhanced based on his conduct in Count Two, of which he was acquitted by a jury. (PSI Addendum, pp. 1-2); CR 106-010, doc. no. 36-1, p. 3. Specifically, Petitioner argued that because the jury acquitted him of violating 18 U.S.C. § 924(c) for possessing firearms in furtherance of a drug trafficking crime, the acquitted count should not be considered in the guidelines calculation. (CR 106-010, doc. no. 36-1, p. 3.) At sentencing on October 30, 2006, United States District Judge Dudley H. Bowen Jr., overruled Petitioner's objections, finding the application of

2

U.S.S.G. § 4B1.4 to be proper.[1]  Id. at 13.  Finding no other objections, Judge Bowen adopted the findings of fact in the PSI as his own findings of fact.  (Id. at 14.)  Judge Bowen sentenced Petitioner to 288 months of imprisonment, five years supervised release, a $6,000.00 fine, and $100 special assessment.  (Id., doc. no. 31.)  On June 14, 2007, the Eleventh Circuit affirmed Petitioner's sentence on direct appeal.  (Id., doc. no. 38.)

### C. § 2255 Proceedings

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, raising two grounds for relief:

    I.    Petitioner no longer qualifies as an armed career criminal and is entitled to be resentenced because his 1999 convictions for attempted false imprisonment and attempted battery no longer qualify as violent felonies.

    II.    Petitioner is entitled to be resentenced because his prior drug convictions only count as two ACCA predicate offenses.  In particular, Petitioner's four count convictions for violating the Georgia Controlled

---

[1] Because the Court applied U.S.S.G. § 4B1.4, 2K2.1(b)(5) was not applied.

3

Substances Act in 1978 only qualifies as a single ACCA predicate offense.

(Doc. no. 1, pp. 3-9.) Respondent has conceded that in light of Johnson, Petitioner's 1999 conviction for attempted false imprisonment no longer qualifies as an ACCA predicate under the residual clause.[2] (Doc. no. 3, p. 4.) Petitioner has conceded his 1989 conviction for trafficking 2.2 pounds of cocaine still qualifies as an ACCA predicate offense. (Doc. no. 4, p. 2.) Petitioner and Respondent agree the sole issue is whether Petitioner's 1978 conviction for violating the Georgia Controlled Substances Act qualifies as single or multiple ACCA predicate offenses. (See id.)

## II. DISCUSSION

### A. Petitioner is Not Entitled to Resentencing Because Petitioner's 1978 Convictions Qualify as Multiple ACCA Predicates.

An individual convicted under § 922(g) is subject to a mandatory minimum fifteen year sentence if he has three previous convictions for a "violent felony" or "serious drug offense" committed on occasions different from one another. 18 U.S.C. § 924(e)(1). If a violator has three or more such convictions, the ACCA increases his prison term to a minimum of fifteen years and a maximum of life. Johnson, 135 S. Ct. at 2555. Without the § 924(e) enhancement, the felon in possession count carries a possible statutory sentence of not more than ten years imprisonment. 18 U.S.C. § 924(a)(2).

---

[2] Petitioner's conviction for simple battery does not qualify as an ACCA predicate because it was reduced to a misdemeanor. See Richmond County Superior Court Docket at http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for "Reeves, Frank"; click on 1998RCCR0513, last visited October 7, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In determining whether serious drug offenses occurred on different occasions, the government bears the burden of proving that each previous conviction "arose out of a separate and distinct criminal episode." United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 2010). This analysis requires a court to determine whether "the perpetrator had a meaningful opportunity to desist his activity before committing the second offense." United States v. Pope, 132 F.3d 684, 690, 692 (11th Cir. 1998).

Even a small difference in time or place distinguishes convictions as separate for purposes of the ACCA. United States v. Allen, 488 F. App'x 377, 379 (11th Cir. 2012) (concluding two drug sales were committed on different occasions because drug sales occurred three days apart); United States v. Johnson, 130 F.3d 1420, 1430-31 (10th Cir. 1997) ("Drug offenses committed at 'distinct, different times' will be treated as separate predicate offenses for purposes of § 924(e)(1)"). "If some temporal break happens between the two offenses," the offenses are considered distinct. United States v. Proch, 637 F.3d 1262, 1265 (11th Cir. 2011). Furthermore, it does not matter for § 924(e) purposes that the legal consequences of a defendant's separate criminal acts were imposed upon him on the same day. United States v. Wilks, 464 F.3d 1240, 1244 (11th Cir. 2006).

Here, Petitioner's four Georgia convictions fit the § 924(e) definition of serious drug offenses because: (1) they were state law crimes, (2) selling is a form of distributing, (3) cocaine and marijuana are controlled substances, and (4) they were punishable by up to ten

5

years for marijuana, and up to fifteen years for cocaine.³ Petitioner's four controlled substance offenses also constitute four separate ACCA predicates because, as the undisputed PSI states, he committed four different violations on February 25th, 26th, 28th and March 1st, such that each violation was separated by a temporal break of at least one day. (PSI ¶ 36) The temporal break between Petitioner's drug sales provided him a meaningful opportunity to desist his activity before committing the subsequent offense. Consequently his four violations count as four separate ACCA predicates. See Allen, 488 F. App'x at 379; Pope, 132 F.3d at 692; see also United States v. Holland, 201 F. App'x 742, 745-46 (11th Cir. 2006) ("Here, according to the [undisputed] PSI . . . the two controlled drug buys . . . occurred at different times, separated by sixteen minutes, and at different locations, separated by a few blocks . . . giving [petitioner] a 'meaningful opportunity' to stop before committing the second offense."); United States v. Lauth, 418 F. App'x 587 (8th Cir. 2011) ("We have repeatedly held that convictions for separate drug transactions on separate days are multiple ACCA predicate offenses, even if the transactions were sales to the same victim or informant.") (citing United States v. Van, 543 F.3d 963, 966 (8th Cir. 2008)); Flood v. United States, No. 5:03-CR-8, 2016 WL 4099235, at *2 (S.D. Ga. Aug. 2, 2016), report and

---

³ The Georgia Controlled Substances Act, now codified as O.C.G.A. § 16-13 et seq., was first enacted in 1974 (Ga. L. 1974, p. 221 et seq.). That Act, former Code Ann. § 79A-811(l) (Ga. L.1974, pp. 221, 224 (Ga. L. 1980, pp. 432, 435) was in effect at the time of Petitioner's conviction and provides that distribution of marijuana "shall be punished by imprisonment for not less than one year nor more than ten years." Youree v. United States, No. 5:02-CR-62 HL, 2009 WL 6338019, at *4 (M.D. Ga. Sept. 17, 2009), report and recommendation adopted, No. 5:02-CR-62 (HL), 2010 WL 1418360 (M.D. Ga. Apr. 7, 2010); Olson v. State, 166 Ga. App. 104, 110, 303 S.E.2d 309, 315 (1983) (determining Georgia Controlled Substances Act maximum sentence for marijuana distribution is ten years). For cocaine convictions under the Georgia Controlled Substances Act, Code Ann. § 79A-811(j) provides that for amounts under 28 grams, the punishment is between two and fifteen years for the first offense. Code Ann. § 79A-811(c); Lavelle v. State, 250 Ga. 224, 224, 297 S.E.2d 234, 235 (1982).

6

recommendation adopted, No. CR503-008, 2016 WL 5030370 (S.D. Ga. Sept. 19, 2016) (finding two drug crimes were separate ACCA predicates when petitioner sold two different quantities of cocaine for two different prices about six hours apart on two different days).

Petitioner contends the plain language of the PSI treats the 1978 controlled substance sales as a single "conviction" or a single "violation." (Doc. no. 1, p. 9.) However, Petitioner's violations of the Georgia Controlled Substances Act were delineated in the PSI as four separate "counts," and under Georgia law, "separate and distinct offenses of a similar nature, and of the same class or species, may be properly joined in different counts in the same indictment." Wingfield v. State, 200 S.E. 2d 708, 714-15 (Ga. 1973). The PSI further indicates Petitioner received four separate sentences and was sentenced to four years custody to be served concurrently. (PSI ¶ 36.); see also United States v. Martin, 526 F.3d 926, 940 (6th Cir. 2008) ("[Petitioner's] four prior state felony drug convictions . . . occurred several days apart . . . [t]hat the offenses were ultimately charged in one indictment and consolidated . . . is irrelevant. Similarly irrelevant is the fact that Martin's sentences on these convictions ran concurrently.")

### B. McCloud Does Not Mandate a Different Outcome.

Petitioner's reliance on United States v. McCloud, 818 F.3d 591 (2016) is misplaced. In McCloud, the Eleventh Circuit could not determine, after examining the Shepard documents, whether the petitioner's three robberies were committed simultaneously as part of a single criminal episode, or three separate robberies. 818 F.3d at 596. After reviewing the charging documents, plea colloquy transcript, and undisputed portions of the PSI, the Eleventh Circuit determined the government did not show the three robbery offenses were separate ACCA predicates by a preponderance of the evidence. Id. at 596-98. The Eleventh

Circuit noted that any information pertaining to the time or location of the petitioner's robberies was missing, and refused to speculate that there was a break in events. Id. at 597.

Here, unlike in McCloud, the unchallenged statements in Petitioner's PSI delineate the specific order and dates of the drug sales. (PSI ¶ 36.) Thus, there is no need to speculate as to the temporal nature of Petitioner's offenses because the PSI unequivocally establishes that there was a temporal break of at least one day between four separate sales of controlled substances. (Id.) As explained *supra*, this temporal break is sufficient in establishing that the sales were separate and distinct criminal episodes and for ACCA purposes, four separate predicate offenses. See Allen 488 F. App'x at 379.

In sum, Petitioner's four counts of violating the Georgia Controlled Substances Act were committed on four separate occasions with a temporal break of at least one day between each. Accordingly, Petitioner had a meaningful opportunity to desist his activity before committing the subsequent offense, and his four violations constitute four separate ACCA predicate offenses. Thus, Petitioner was properly sentenced as an armed career criminal under the ACCA and is not entitled to resentencing.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of

Respondent.

SO REPORTED and RECOMMENDED this 26th day of October, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA